1

2

3                                                              O

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  NATHAN J. COLODNEY,        )   Case No. EDCV 14-01973-VAP
                               )   (SPx)
12              Plaintiff,     )
                               )   **ORDER GRANTING DEFENDANT'S**
13      v.                     )   **MOTION TO DISMISS (DOC. NO.**
                               )   **14)**
14  JAY ORR; DOES 1 - 50       )
    INCLUSIVE,                 )   **[Motion filed on March 4,**
15                             )   **2015 ]**
                Defendants.    )
16  _____  )

17

18      Pro se Plaintiff Nathan J. Colodney ("Colodney")

19  previously brought suit in this Court, complaining that

20  the County of Riverside's actions in discharging him from

21  its employ constituted breach of contract, wrongful

22  termination, and violated various County ordinances.[1]

23  Colodney's instant Complaint contains similar

24  allegations, except Colodney now avers that Defendant Jay

25  Orr ("Orr"), who was Acting County Executive at the time

26

27

28
    _____
         [1]    See Nathan J. Colodney v. County of Riverside,
    case no. 5:13-cv-00427-VAP-SP (C.D. Cal. 2013).

1  of Colodney's dismissal, committed fraud by dismissing

2  him.

3

4      On March 4, 2015, Orr filed a Motion to Dismiss

5  ("Motion" or "Mot."). (Doc. No. 14.)  The Motion is

6  appropriate for resolution without a hearing; the hearing

7  was previously vacated.  <u>See</u> Fed. R. Civ. P. 78; L.R.

8  7-15.  After consideration of the papers filed in support

9  of, and in opposition to, the Motion, the Court GRANTS

10  the Motion, and dismisses this action with prejudice.

11

12                    **I. BACKGROUND**

13  **A.   Allegations in the Complaint**

14      The allegations in Colodney's operative complaint,

15  the First Amended Complaint ("FAC") (Doc. No. 8), are

16  substantially similar to those in his previous action.[2]

17  Colodney was employed as the Deputy Chief Information

18  Officer of the United States European Command (US EUCOM)

19  in Stuttgart, Germany when he interviewed for and

20  received an offer to be the "Department Head Riverside

21  County Information Technology and Chief Information

22  Officer." (FAC ¶ 4.)  Colodney's offer letter stated his

23

24      ──────────
           [2]    As noted in a previous order, Colodney has
25  amended his Complaint twice; he did not have leave to
    file a second pleading. (<u>See</u> Doc. Nos. 8, 9.)  As the
26  second amended pleading appears to be an exact copy of
    the first, however, the Court will not strike the later
27  filed amended complaint from the docket and the earlier
    filed amended complaint will stand as the operative
28  complaint.

                           2

employment "was to be at-will to the Board of Supervisors
pursuant to Riverside County Board of Supervisors
Management Resolution ("Management Resolution"), Section
601(E)(1)."  (Id. ¶ 5.)

     When Colodney arrived from Europe to start work on
October 7, 2010, he was required to sign an "AT-WILL
LETTER OF UNDERSTANDING" which stated that he had "been
appointed by and serves at the pleasure of the Board of
Supervisors."  (Id. ¶ 9.)  This document was signed by
Orr, who was the Assistant County CEO at the time.  (Id.)

     On September 22, 2011, the County CEO resigned; Orr,
who according to Colodney had not formally been appointed
as Acting CEO, dismissed Colodney about an hour after the
County CEO resigned.  (Id. ¶ 11.)  Colodney alleges that
his discharge violated various Riverside County
Ordinances and the California Government Code because the
Board of Supervisors did not properly appoint him to his
position, nor did it properly dismiss him.  (Id. ¶¶ 12-
18.)  According to Colodney, Orr lacked the authority or
the discretion to dismiss him.  (Id. ¶ 19.)

**B.   Procedural History**

Colodney filed this action on September 23, 2014. Orr filed the instant Motion on March 4, 2015.[3]  Along with the Motion, Orr filed a Request for Judicial Notice ("RJN") (Doc. No. 15).

Colodney filed his Opposition ("Opp'n") to the Motion on March 18, 2015.  (Doc. No. 22.)  On March 23, 2015, Orr filed his Reply.  (Doc. No. 24.)

**C.   Request for Judicial Notice**

As noted above, Orr has requested the Court take judicial notice of various documents germane to this action.  Orr requests the Court take judicial notice of: (A) the "At-will Letter of Understanding" identified in the Complaint; (B) the Court's order in dismissing Colodney's previous action, <u>Colodney v. County of Riverside</u>, without leave to amend ("<u>Colodney</u> Dismissal Order")[4]; (C) a "Notice of Return of Claim as Untimely" dated August 28, 2012; (D) a "Notice of Denial of Application to Present Late Claim" dated October 24, 2012; (E) the termination letter dated September 22,

---

[3]   Also on March 4, 2015, Colodney filed a motion to recuse the assigned district judge.  (Doc. No. 18.) The hearing on the instant Motion was vacated in light of the motion to recuse.  (Doc. No. 21.)  On March 20, 2015, Colodney's motion to recuse was denied.  (Doc. No. 23.)

[4]   As an order in the Court's own docket, judicial notice is not required in order for the Court to consider Exhibit B.

1    2011, identified in the Complaint; and (F) pertinent

2    portions of County of Riverside Resolution 2010-230,

3    which contains Section 601, the section Colodney avers

4    Orr violated in discharging him.

5

6        The Court may take judicial notice of facts that can

7    be "accurately and readily determined from sources whose

8    accuracy cannot be reasonably questioned."  Fed. R. Evid.

9    201(b)(2).  A court may take judicial notice of court

10   filings and other matters of public record.  <u>See</u> <u>Reyn's</u>

11   <u>Pasta Bella, LLC v. Visa USA. Inc.</u>, 422 F.3d 741,746 n.6

12   (9th Cir. 2006) (citing <u>Burbank-Glendale-Pasadena Airport</u>

13   <u>Auth. v. City of Burbank</u>, 136 F.3d 1360, 1364 (9th Cir.

14   1998)); <u>see also</u> <u>Harris v. Cnty. of Orange</u>, 682 F.3d

15   1126, 1132 (9th Cir. 2012) (courts may "take judicial

16   notice of undisputed matters of public record, including

17   documents on file in federal or state courts." (internal

18   citation omitted)).

19

20       RJN Exhibits A and E, the documents showing that

21   Colodney was hired and later discharged by Riverside

22   County, are properly subject to judicial notice because

23   they are incorporated into Colodney's pleadings by

24   reference.  <u>United States v. Ritchie</u>, 342 F.3d 903, 908

25   (9th Cir. 2003) ("A court may . . . consider certain

26   materials — documents attached to the complaint,

27   documents incorporated by reference in the complaint, or

28

matters of judicial notice — without converting the
motion to dismiss into a motion for summary judgment.").

Exhibit F, which is a Riverside County ordinance, is
also subject to judicial notice.  <u>Engine Mfrs. Ass'n v.
S. Coast Air Quality Mgmt. Dist.</u>, 498 F.3d 1031, 1039
(9th Cir. 2007) ("Municipal ordinances are proper
subjects for judicial notice." (citation omitted).)

Forms rejecting claims under California Government
Code § 911, like Exhibits C and D, have also been found
to be subject to judicial notice.  <u>Navarro v. City of
Alameda</u>, 2014 WL 4744184, at *2 (N.D. Cal. Sept. 22,
2014).

Accordingly, the Court GRANTS the RJN as to all of
the documents discussed above.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 12(b)(6)
allows a party to bring a motion to dismiss for failure
to state a claim upon which relief can be granted.  Rule
12(b)(6) is read along with Rule 8(a), which requires a
short, plain statement upon which a pleading shows
entitlement to relief.  Fed. R. Civ. P. 8(a)(2); <u>Conley
v. Gibson</u>, 355 U.S. 41, 47 (1957) (holding that the FRCP
require a plaintiff to provide "'a short and plain

1  statement of the claim' that will give the defendant fair
2  notice of what the plaintiff's claim is and the grounds
3  upon which it rests" (quoting Fed. R. Civ. P. 8(a)(2)));
4  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).
5  When evaluating a Rule 12(b)(6) motion, a court must
6  accept all material allegations in the complaint – as
7  well as any reasonable inferences to be drawn from them –
8  as true and construe them in the light most favorable to
9  the non-moving party.  See Doe v. United States, 419 F.3d
10  1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of
11  Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v.
12  Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).
13
14     "While a complaint attacked by a Rule 12(b)(6) motion
15  to dismiss does not need detailed factual allegations, a
16  plaintiff's obligation to provide the 'grounds' of his
17  'entitlement to relief' requires more than labels and
18  conclusions, and a formulaic recitation of the elements
19  of a cause of action will not do."  Twombly, 550 U.S. at
20  555 (citations omitted).  Rather, the allegations in the
21  complaint "must be enough to raise a right to relief
22  above the speculative level."  Id.
23
24     To survive a motion to dismiss, a plaintiff must
25  allege "enough facts to state a claim to relief that is
26  plausible on its face."  Id. at 570; Ashcroft v. Iqbal,
27  556 U.S. 662, 678 (2009).  "The plausibility standard is
28

7

1  not akin to a 'probability requirement,' but it asks for
2  more than a sheer possibility that a defendant has acted
3  unlawfully.   Where a complaint pleads facts that are
4  'merely consistent with' a defendant's liability, it
5  stops short of the line between possibility and
6  plausibility of 'entitlement to relief.'"  <u>Iqbal</u>, 556
7  U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 556).

8

9      The Ninth Circuit has further clarified that (1) a
10  complaint must "contain sufficient allegations of
11  underlying facts to give fair notice and to enable the
12  opposing party to defend itself effectively" and (2) "the
13  factual allegations that are taken as true must plausibly
14  suggest an entitlement to relief, such that it is not
15  unfair to require the opposing party to be subjected to
16  the expense of discovery and continued litigation."
17  <u>Starr v. Baca</u>, 652 F.3d 1202, 1216 (9th Cir. 2011).

18

19                    **III. DISCUSSION**
20      Orr argues that this action should be dismissed on
21  numerous grounds, but the Court need only address one:
22  this action is clearly barred by the doctrine of res
23  judicata.  (Mot. at 10-12.)

24

25

26

27

28

8

**A.   This Action is Barred by Res Judicata**

    **1.   Principles of Res Judicata**

Res judicata prohibits lawsuits on "any claims that were raised or could have been raised" in a prior action. Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001).

> The doctrine of *res judicata* provides that 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'  The application of this doctrine is 'central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction.'  Moreover, a rule precluding parties from the contestation of matters already fully and fairly litigated 'conserves judicial resources' and 'fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'

Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003) (quoting In re Schimmels, 127 F.3d 875, 881 (9th Cir. 1997)). "Preclusion doctrine encompasses vindication of both public and private interests.  The private values protected include shielding litigants from the burden of

re-litigating identical issues with the same party, and vindicating private parties' interest in repose.  The public interests served include avoiding inconsistent results and preserving judicial economy." <u>Clements v. Airport Auth. of Washoe Cnty.</u>, 69 F.3d 321, 330 (9th Cir. 1995).

"The elements necessary to establish *res judicata* are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" <u>Headwaters Inc. v. U.S. Forest Serv.</u>, 399 F.3d 1047, 1052 (9th Cir. 2005) (quoting <u>Tahoe-Sierra Pres. Council</u>, 322 F.3d at 1077).

**2.  Colodney's Previous Action**

As noted above, this Court has already considered and dismissed an action in which Colodney alleged that the County of Riverside improperly dismissed him.  The Court summarized Colodney's allegations in that action as follows:

> Colodney interviewed with and received an offer
> from the County to become its Chief Information
> Officer.  The offer letter from the County
> stated that his employment would begin on
> October 7, 2010 and would be "at-will" to the
> Board of Supervisors pursuant to the Riverside

1    Board of Supervisors Management Resolution,

2    Section 601E(1).  On September 22, 2011, the

3    County Executive Officer resigned, and that same

4    day, Jay Orr, who had not been properly

5    appointed as the [] Acting County Executive

6    Officer but had been acting in that capacity

7    anyway, dismissed Colodney from the County's

8    employ.  On August 8, 2012, Colodney filed an

9    administrative claim against the County pursuant

10   to California Government Code § 905.  Some time

11   in September 2012, the County rejected

12   Colodney's claim as untimely, wrongfully stating

13   that the statute set a six-month deadline for

14   the filing of such claims.  Sometime later,

15   Colodney discovered that he had not been hired

16   (or discharged) in accordance with Executive

17   Officer Ordinance 442.3K, which states that

18   department heads shall be appointed by the

19   County Executive Officer, and confirmed by the

20   Board of Supervisors.

21

22  (Colodney Dismissal Order at 2 (paragraph breaks

23  omitted).)  Colodney brought three claims against

24  Riverside County in that action: "(1) promissory

25  estoppel, (2) breach of contract - wrongful termination,

26  and (3) 'unauthorized action - ultra vires.'"  (Id. at 1-

27  2.)

28

11

**3.  Analysis**

   **a.  Identity of Claims**

   The Court first addresses whether there is an
identity of claims for purposes of res judicata.  Courts
consider four factors in determining whether there is an
identity of claims: "(1) whether rights or interests
established in the prior judgment would be destroyed or
impaired by prosecution of the second action; (2) whether
substantially the same evidence is presented in the two
actions; (3) whether the two suits involve infringement
of the same right; and (4) whether the two suits arise
out of the same transactional nucleus of facts."  Turtle
Island Restoration Network v. U.S. Dep't of State, 673
F.3d 914, 917-18 (9th Cir. 2012) (citing Costantini v.
Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir.
1982)).  The fourth factor — whether the two suits arise
out of the same transactional nucleus of facts — is the
"central criterion."  Frank v. United Airlines, Inc., 216
F.3d 845, 851 (9th Cir. 2000) (citation omitted); see
also Owens, 244 F.3d at 714.


   Comparing the factual allegations of the instant case
with the factual recitation from the Colodney Dismissal
Order, it is clear that both arise from the same
transactional nucleus of facts.  Both suits allege that
Colodney was hired by Riverside County, and that Orr
dismissed him from his position without having the

authority to do so.  Moreover, much of the same evidence
that was submitted in the motion to dismiss in the
previous action, which was subject to judicial notice,
has also been submitted in this action.  Accordingly, the
Court finds there is an identity of claims in the instant
action and Colodney's previous suit.

### b.  Final Judgment on the Merits

Colodney's previous case was dismissed without leave
to amend.  (See Colodney Dismissal Order at 13.)  For
purposes of res judicata, the term "judgment on the
merits" has been liberally construed.  Dash, Inc. v.
Alcoholic Beverage Control Appeals Bd., 683 F.2d 1229,
1233 n.6 (9th Cir. 1982) (citation omitted).  Moreover,
"[t]he phrase 'final judgment on the merits' is often
used interchangeably with 'dismissal with prejudice.'"
Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir.
2002).  "Dismissal of an action with prejudice, or
without leave to amend, is considered a final judgment on
the merits."  Nnachi v. City of San Francisco, 2010 WL
3398545, at *5 (N.D. Cal. Aug. 27, 2010) (citing
Headwaters Inc., 399 F.3d at 1052); see also Federated
Dep't Stores v. Moitie, 452 U.S. 394, 399 n. 3 (1981) (A
dismissal "for failure to state a claim under Federal
Rule of Civil Procedure 12(b)(6) is a judgment on the
merits.").

13

1    Accordingly, this Court's order dismissing Colodney's
2    previous action was a final judgment on the merits.[5]

3
4        **c.  Privity**
5        "The final element of res judicata is privity between
6    the parties."  <u>Tahoe-Sierra Pres. Council</u>, 322 F.3d at
7    1081.  In his Opposition, Colodney argues that res
8    judicata does not apply because "claims in plaintiff's
9    earlier case against Riverside County are not applicable
10   to this case, which is against Mr. Orr in his personal
11   capacity.  Mr. Orr acted without legal authority and
12   outside the scope of his employment.  Thus, there is no
13   privity between the parties."  (Opp'n at 12.)

14
15       "Even when the parties are not identical, privity may
16   exist if 'there is "substantial identity" between
17   parties, that is, when there is sufficient commonality of
18   interest.'"  <u>Tahoe-Sierra Pres. Council</u>, 322 F.3d at 1081
19   (9th Cir. 2003) (quoting <u>In re Gottheiner</u>, 703 F.2d 1136,
20   1140 (9th Cir. 1983)).  "[P]rivity is a flexible concept
21   dependent on the particular relationship between the

22
23   _____

24       [5]   Moreover, as Colodney points out, that order is
     currently being challenged on appeal and briefing is
25   complete.  <u>See</u> <u>Nathan J. Colodney v. County of Riverside</u>,
     Ninth Circuit Docket Number 13-56591.  As "an appeal may
26   be taken only from a final order or judgment" (<u>see</u> <u>Long</u>
     <u>Beach Area Chamber of Commerce v. City of Long Beach</u>, 603
27   F.3d 684, 690 (9th Cir. 2010) (citations omitted)), this
     also tends to show that the Court's previous order was a
28   final judgment on the merits.

1    parties in each individual set of cases."  Id. at 1081-82.

3        Federal courts have deemed several relationships
4        "sufficiently close" to justify a finding of
5        "privity" and, therefore, preclusion under the
6        doctrine of res judicata:  "First, a non-party
7        who has succeeded to a party's interest in
8        property is bound by any prior judgment against
9        the party.  Second, a non-party who controlled
10       the original suit will be bound by the resulting
11       judgment.  Third, federal courts will bind a
12       non-party whose interests were represented
13       adequately by a party in the original suit."  In
14       addition, "privity" has been found where there
15       is a "substantial identity" between the party
16       and nonparty, where the nonparty "had a
17       significant interest and participated in the
18       prior action," and where the interests of the
19       nonparty and party are "so closely aligned as to
20       be virtually representative."  Finally, a
21       relationship of privity can be said to exist
22       when there is an "express or implied legal
23       relationship by which parties to the first suit
24       are accountable to non-parties who file a
25       subsequent suit with identical issues."

27   Id. at 1082 (quoting In re Schimmels, 127 F.3d at 881).

Thus, when examining privity for purposes of res
judicata, "[t]he issue is one of substance rather than
the names in the caption of the case; the inquiry is not
limited to a traditional privity analysis." Alpert's
Newspaper Delivery Inc. v. N.Y. Times Co., 876 F.2d 266,
270 (2d Cir.1989) as cited in Tahoe-Sierra Pres. Council,
322 F.3d at 1082.

     After considering these principles, it is clear there
is privity between Orr and the County of Riverside as it
concerns the instant action and Colodney's previous
action.  Though Colodney's previous action was brought
against Riverside County only, the instant action against
Orr complains about the same conduct, i.e., that Colodney
was discharged in violation of Riverside County
ordinances and California law.  That Colodney's instant
complaint is recast as a fraud action (rather than a
breach of contract or wrongful termination action) and
names Orr as a defendant (rather than Riverside County)
is of no moment.  Orr is being sued for his allegedly
wrongful conduct as an agent of Riverside County; their
identities are essentially the same.  Accordingly, the
Court finds that privity between the parties exists for
purposes of res judicata.

     The res judicata bar applies as a prohibition on
suits that allege "any claims that were raised or could

have been raised" in a previous action.  Colodney could
have raised his fraud claim against Orr in his previous
action against the County.  As there is an identity of
claims in the instant action and Colodney's previous
suit, because the prior action was resolved by a final
judgment on the merits, and because there is sufficient
privity between the parties to bind the current parties
to the result of the prior litigation, the Court finds
that Colodney's claim is barred by the doctrine of res
judicata.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS the
Motion and DISMISSES this action WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated:  April 9, 2015

VIRGINIA A. PHILLIPS
United States District Judge